UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:                                                    Case No. 16-30397-dof

**Ferguson Convalescent Home, Inc.,**          Chapter 7

    Debtor.                                          Hon. Daniel S. Opperman

_____/

### UNITED STATES TRUSTEE'S MOTION
### FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

Daniel M. McDermott, United States Trustee for Region 9, files this Motion

for Appointment of Chapter 11 Trustee under 11 U.S.C. §§ 1104(a) and 1104(c).

In support of this motion, the United States Trustee states:

1.    The Court has jurisdiction over this motion under 28 U.S.C. § 1334.

2.    This is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).

3.    The U.S. Trustee requests that this Court enter an order authorizing

the appointment of a chapter 11 trustee because cause exists and because it is in the

best interests of creditors.

4.    The Debtor, over a period of several years, has fallen into a pattern of

financial mismanagement.  Ferguson Convalescent Home, Inc. is a two-time

chapter 11 Debtor.  It has willfully failed to pay trust fund taxes owed to the

Internal Revenue Service.  Ferguson has demonstrated an inability to fulfill its

duties as a Debtor-in-Possession and failed to competently manage the financial affairs of the business.

5.    The Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 on February 24, 2016.  This is the second chapter 11 filing for this same Debtor.  The Debtor's first bankruptcy case was filed in 2010 (Case No. 10-31918).

**Failure to pay trust fund taxes**

6.    There were three objections to confirmation of the plan in the Debtor's 2010 case, including an objection by the Internal Revenue Service.  The IRS's claim in that case exceeded $1 million for unpaid employment taxes and trust fund recovery penalties.  The taxes and penalties were incurred over a period of several years.

7.    A hearing on confirmation of the Debtor's plan in the 2010 case was adjourned several times until it was finally confirmed in December of 2011 – more than a year and a half after the petition was filed.

8.    Following confirmation of the plan in the prior case, the Debtor again incurred significant tax liabilities and penalties, and failed to make payments under the confirmed plan.  As a result, the IRS exercised its remedies forced the Debtor into this second bankruptcy filing.

9.     In the current case, the IRS has filed a proof of claim asserting tax liabilities of $1,671,825.87, which includes assessments and penalties not paid under the prior plan, as well as liabilities incurred since its confirmation.

10.     This Debtor is going backwards.

**Failure to timely report and monthly financial deficiencies**

11.     During the prior case, the Debtor was routinely delinquent in filing monthly operating reports, often filing several reports at once. In the current case, the Debtor did not file a monthly operating report until three months after the petition was filed. The reports for the months of February, March and April were all filed May 23, 2016.

12.     The monthly operating reports in this current case show substantial continuing monthly losses of $64,052.18, $28,231.05 and $15,082.17. The reports also reveal that the post-petition QAA taxes on non-Medicare patients to the State of Michigan are not current. The Creditors are at risk of estate assets continuing to diminish.

13.     The Internal Revenue Service has a claim secured in the Debtor's assets with an interest in cash collateral. The Debtor has been operating continually since the filing of the petition, but is operating without Court authority to use cash collateral.

3

**Progression of the Chapter 11 Case and Potential Sale**

14. At the Section 341 First Meeting of Creditors on March 30, 2016, Paul Ferguson, the Debtor's vice president, testified about the financial affairs of the Debtor. Mr. Ferguson is actively involved in the day to day operations of the business, managing several aspects of its operations.

15. According to Mr. Ferguson, the Debtor intends to sell the business as a going concern. Mr. Ferguson testified that a sale would not be complete for at least three to six months. Although the Debtor has been contacted by potential purchasers, there is no evidence of progress towards a sale in the two and a half months since the 341 Meeting. The Debtor has not employed a professional broker to assist with the contemplated sale. The Plan of Reorganization is due August 22, 2016.

16. Mr. Ferguson cannot properly manage day-to-day operation of a convalescent center, handle the financial affairs of a chapter 11 Debtor and prepare the corporation for sale all at the same time.

17. A Patient Care Ombudsman ("PCO"), Deborah Fish, was appointed in this case. The PCO has filed four reports with the Court summarizing her assessment of personal visits to the facility and general review of the progress of the case. The most recent PCO report (Docket #48) requests a status conference with the Court to discuss her concerns about the Debtor's financial situation.

16-30397-dof    Doc 51    Filed 06/15/16    Entered 06/15/16 14:29:30    Page 4 of 14

**Law**

18. 11 U.S.C. §1104(a)(1) and (a)(2) provide that the Court shall order the appointment of a trustee

– for cause, including gross mismanagement of the affairs of the debtor by current management either before or after the commencement of the case, or

– if the appointment of a Chapter 11 trustee is in the best interest of the creditors.

19. Cause exists for the appointment of a Chapter 11 Trustee. The failure of current management to pay trust fund taxes, pre and post-petition, is gross mismanagement.

20. Appointment of a trustee is in the best interests of the creditors. The Debtor is losing money every month. The Debtor's current management cannot run the day-to-day operations, properly handle the financial obligations of a Chapter 11 Debtor and prepare the company for sale all at the same time.

5

**WHEREFORE**, the United States Trustee prays that the Court enter an

order directing the appointment of a chapter 11 trustee.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By:   /s/ Jill M. Gies
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7913
Jill.Gies@usdoj.gov
[P56345]

Dated:  June 15, 2016

In re:                                              Case No. 16-30397-dof

**Ferguson Convalescent Home, Inc.,**              Chapter 7

    Debtor.                                  Hon. Daniel S. Opperman

_____/

### ORDER DIRECTING APPOINTMENT OF CHAPTER 11 TRUSTEE

**THIS MATTER** came before the Court on the United States Trustee's Motion for Appointment of Chapter 11 Trustee pursuant to 11 U.S.C. § 1104.

The Court has considered the pleadings and is otherwise fully advised in the matter:

**NOW, THEREFORE,**

**IT IS ORDERED** that the United States Trustee, after consultation with parties in interest, shall appoint a Trustee in this case under to 11 U.S.C. § 1104(d);

**IT IS FURTHER ORDERED** that any authority granted to Debtor, Ferguson Convalescent Home, Inc., under the United States Bankruptcy Code as Debtor-in-Possession is terminated; and

**IT IS FURTHER ORDERED** that the Trustee shall comply with the provisions of 11 U.S.C. § 1106.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:                                          Case No. 16-30397-dof

**Ferguson Convalescent Home, Inc.,**          Chapter 7

        Debtor.                                 Hon. Daniel S. Opperman
_____/

## NOTICE OF MOTION FOR APPOINTMENT OF  CHAPTER 11 TRUSTEE

The United States Trustee has filed papers with the court to appoint a trustee.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief requested, or if you want the court to consider your views on the motion, **within 14 days,** you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

U.S. Bankruptcy Court
226 West Second Street
Flint, MI 48502

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:        Jill M. Gies
                                     Office of the United States Trustee
                                     211 West Fort Street, Suite 700
                                     Detroit, MI 48226

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                     **DANIEL M. McDERMOTT**
                                     **UNITED STATES TRUSTEE**
                                     Region 9


                             By:     /s/ Jill M. Gies
                                     Trial Attorney
                                     Office of the U.S. Trustee
                                     211 West Fort St - Suite 700
                                     Detroit, Michigan 48226
                                     (313) 226-7913
                                     Jill.Gies@usdoj.gov
                                     [P56345]
Dated:   June 15, 2016

---

[1]   Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

In re:                                                  Case No. 16-30397-dof

**Ferguson Convalescent Home, Inc.,**                   Chapter 7

      Debtor.                                          Hon. Daniel S. Opperman
_____/

### BRIEF IN SUPPORT OF UNITED STATES TRUSTEE'S
### MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

### <u>INTRODUCTION</u>

The Debtor has failed, for a period of more than ten years, to pay its taxes.

This is the Debtor's second bankruptcy case and attempt to deal with its delinquent

tax obligations in chapter 11. While in bankruptcy, the Debtor has failed to timely

report its financial activity and failed to timely pay post-petition taxes. The Debtor

is losing money every month and not making marked progress toward its intended

goal - a sale of the business as a going concern. The Court should appoint a

trustee.

### <u>ARGUMENT</u>

Motions seeking appointment of a chapter 11 trustee are generally governed

by § 1104 of the Code, which provides in pertinent part:

> (a) At any time after the commencement of the case but before
> confirmation of a plan, on request of a party in interest or the United

States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee–

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

> (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets and liabilities of the debtor.

Once a court determines that the facts as presented establish cause in the context of section 1104(a)(1), the statute mandates that the court "shall" appoint a trustee. *In re Oklahoma Refining Co.,* 838 F.2d 1133, 1136 (10th Cir. 1988). *See Escoe v. Zerbst,* 295 U.S. 490, 493 (1935)("shall" is the language of command; its use in a statute indicates intent that the statute should be mandatory).

Under section 1104(a)(2), the Court need not find that any of the factors set forth in section 1104(a)(1) as a predicate to ordering the appoint a trustee; it is sufficient that the appointment be in the best interest of creditors. *Oklahoma Refining Co. v. Blaik (In re Oklahoma Ref. Co.)*, 838 F.2d 1133 (10th Cir. 1988). The best interests of creditors in this case will be served by appointment of an independent third party to properly administer the Debtor's chapter 11 estate.

2

The failure of current management of this Debtor to pay trust fund taxes, pre and post-petition, is gross mismanagement. The claim of the IRS in the Debtor's first case exceeded $1 million for unpaid employment taxes and trust fund recovery penalties that were incurred over a period of several years. It was several months before the Debtor was able to confirm a plan that satisfied the objections of the IRS. Almost immediately following confirmation of that plan, the Debtor was again incurring significant tax liabilities and penalties, and failing to make payments under the confirmed plan. As a result the IRS exercised its remedies and ultimately forced the Debtor into this second bankruptcy filing. In the current case, the IRS has filed a proof of claim asserting tax liabilities of $1,671,825.87, which includes assessments and penalties not paid under the prior plan, as well as liabilities incurred since its confirmation.

Additionally, the Debtor and its current management are unable to effectively carry out the Debtor's duties under chapter 11, while continuing to manage the day to day business operations. During the pendency of the prior case, the Debtor was routinely delinquent in filing monthly operating reports, often filing several reports at once. In the current case, the Debtor did not file a monthly operating report until three months after the petition was filed. The reports for the months of February, March and April were all filed May 23, 2016. The Debtor's financial deficiencies are evident in the filed reports. They show substantial

3

continuing monthly losses of $64,052.18, $28,231.05 and $15,082.17. The reports also reveal that the post-petition QAA taxes on non-Medicare patients to the State of Michigan are not current. Additionally, the Debtor has been operating continually since the filing of the petition, but is operating without Court authority to use cash collateral.

Finally, the Debtor, under current management, is unable to make sufficient progress toward a sale of the business, while continuing to manage day to day operations. At the Section 341 First Meeting of Creditors, Paul Ferguson, the Debtor's vice president, testified regarding the financial affairs of the Debtor. Mr. Ferguson is actively involved in the day to day operations of the business, managing several aspects of its operations. According to Mr. Ferguson, the Debtor intends to sell the business as a going concern. Mr. Ferguson testified that a sale would not be complete for at least three to six months. Although the Debtor has been contacted by potential purchasers, there is no evidence of progress towards a sale. The Debtor has not employed a professional broker to assist with a sale.

## CONCLUSION

Cause exists for the appointment of a chapter 11 trustee in this case for the reasons stated in this motion and brief. Appointment of a Trustee is in the best

4

interests of creditors and necessary to avoid continuing losses and protect creditors with claims against the estate. The Court should enter an order directing the United States Trustee to appoint a trustee.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9


By: /s/ Jill M. Gies
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7913
Jill.Gies@usdoj.gov
[P56345]

Dated: June 15, 2016

5

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:                                                Case No. 16-30397-dof

**Ferguson Convalescent Home, Inc.,**                 Chapter 7

        Debtor.                                       Hon. Daniel S. Opperman
_____/

### CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2016, I served copies as follows:

1.   Documents Served:         *Motion for Appointment of Chapter 11 Trustee, Notice of Motion, Brief* and *Certificate of Service.*

2.   Served Upon:              Ferguson Convalescent Home, Inc.
                               239 S. Main St.
                               Lapeer MI 48446

3.   Method of Service:        First Class Mail


                               **DANIEL M. McDERMOTT**
                               **UNITED STATES TRUSTEE**
                               Region 9



                       By:   /s/ Karen Riggs
                             Paralegal Specialist
                             Office of the U.S. Trustee
                             211 West Fort Street - Suite 700
                             Detroit, Michigan 48226
                             (313) 226-7259
                             Karen.Riggs@usdoj.gov

Date: June 15, 2016